[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court on a complaint dated March 4, 1999, wherein the plaintiff stated in essence that as the result of the conduct of the defendant in a series of small claims actions, he suffered physical, mental, emotional pain and anguish, and has been and will be sick or disabled for a substantial period of time. The original complaint was brought in nine counts. The sheriff's return dated March 10, indicates that Barbara Donahue was personally served by Constable Jon T. Gallup. Barbara Donahue was initially defaulted for failure to appear on April 15, 1999. Under our rules, the default was automatically vacated when she filed an appearance on April 20, 1999. At that time she gave her address as 130 Cat Rock Road, Cos Cob, Connecticut, with a telephone number of 661-2564. Thereafter, that appearance was superceded by a new address of One Hi Drive, Mt. Kisco, New York. No zip code or telephone number was provided.
Thereafter, on May 17, 1999, the defendant, Barbara Donahue, was defaulted for failure to timely plead. Thereafter, on July 29, an additional motion for default for failure to plead was granted wherein the plaintiff alleged with more specificity the reasons for the default to enter. The case was then claimed to the hearings in damages list on or about August 16, 1999 with certification to Barbara Donahue at One Hi Drive, Mt. Kisco, N.Y. 10549. On October 27, 1999, this matter appeared on the hearings in damages list. The court through the clerk's office and CT Page 2793 caseflow attempted to contact the defendant but had no luck without a phone number or a current address. The old address having found to be not current.
The court heard the case as a hearings in damages. (Practice Book § 17-34 through 17-41 spell out the procedure on default.)
Section 17-34 of the Practice Book provides in essence that once the defendant is defaulted, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint except as they relate to the amount of damages. No pleading of a notice of defense under Practice Book § 17-37 or 17-34 was tiled. Accordingly, the court is obligated to find liability. The court opted for the taking of testimony which was done.
The court has spent a great deal of time discussing the procedural posture of this case. The case was presented without any medical reports or doctor's testimony causally tying in the injuries of the plaintiff to the actions of the defendant. Under our court rules, the court has to take the medical claims as proven under our rules. The court has however, taken that into consideration in assessing the damages. The court finds based on the rules that the litigation was vexatious. The court finds the allegations of the complaint to be true. In essence, the plaintiff defended himself in small claims actions. They were groundless. As a result of them he suffered emotional distress which caused him to seek medical treatment. He claims he was diagnosed with an ulcer and was prescribed medication to treat the condition. The medical treatment itself was not covered by insurance. There is no medical report to substantiate that causal connection. The court finds the following:
 Economic Damages ____________________________________ a. Lost time from work (7 days) $ 2,452.50
b. Medical costs 40.00
 c. Attorney's fees and costs 3,600.50 (per attorney's fees affidavit of 11/12/99)
 Non-Economic Damages ____________________________________ a. Pain, suffering and emotional distress $ 5,000.00 CT Page 2794 ___________ sub-total $11,093.00
The court finds that the total legal fees billed in the sum of $3600.50 is reasonable under the circumstances.
The court pursuant to General Statute § 52-568 finds malicious intent has been established under the rules for hearings in damages and total damages should be trebled, for a total of $33,279.
So ordered.
Karazin, J.